**In re PETITION FOR DISCIPLINARY ACTION AGAINST Charles T. NIXON, an Attorney at Law of the State of Minnesota.**

No. C8–01–536.

Supreme Court of Minnesota.

Sept. 19, 2001.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition and supplementary petition for disciplinary action alleging that respondent Charles T. Nixon has committed professional misconduct warranting public discipline, namely, failing to communicate with clients, failing to return client files, collecting a filing fee from a client in a marriage dissolution action and thereafter failing to file the marital termination agreement, and failing to promptly respond to the district ethics committee investigator and the Director during their investigations in violation of Minn. R. Prof. Conduct 1.3, 1.4, 8.1(a) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that it would be appropriate to transfer respondent to disability inactive status, subject to the following conditions:

a. That the reinstatement hearing provided for in Rules 18 and 28(d), RLPR, not be waived.

b. That further proceedings on the Director's petition and supplementary petition for disciplinary action be held in abeyance while respondent is on disability inactive status.

c. That as a part of any reinstatement proceeding under Rules 18 and 28, RLPR, the allegations of misconduct in the Director's petition and supplementary petition, having been admitted by respondent, shall be considered and a recommendation as to the appropriate disciplinary sanction be made to the court at that time.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Charles T. Nixon is transferred

to disability inactive status subject to the agreed-upon conditions set forth above.

BY THE COURT:
Paul H. Anderson
Associate Justice